# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | Criminal Action No. 99-34-JJF |
| V. : | Civil Action No. 05-114-JJF |
| : | |
| MICHAEL WRIGHT, : | |
| : | |
| Defendant. : | |

## RESPONSE OF UNITED STATES TO DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

On November 22, 2004, the defendant filed a motion pursuant to 28 U.S.C. § 2255. As the facts below show, the defendant's motion is untimely, and, therefore, it should be dismissed.

## Facts

This Court held the sentencing of the defendant on February 3, 2000, and entered the judgment on February 7, 2000. (D.I. 29) For Count One of the Information, charging a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), this Court sentenced the defendant to 135 months imprisonment followed by ten years supervised release. For Count Two of the Information, charging a violation of 18 U.S.C. § 1956(h), this Court sentenced the defendant to 135 months imprisonment followed by three years supervised release.

More than three years later, on August 29, 2003, the defendant filed an untimely notice of appeal. (D.I. 37) The Court of Appeals dismissed the appeal as untimely on February 9, 2004. (D.I. 42) The defendant filed the instant petition on November 22, 2004.

**Argument**

I.    **The Defendant's Petition is Untimely and Should be Dismissed.**

A federal prisoner filing a motion under section 2255 is subject to a one-year statute of limitations. 28 U.S.C. § 2255. The one year limitations period begins to run, *inter alia*, on "the date on which the judgment of conviction becomes final." *Id.* Applying these standards to the instant case, the statute of limitations with respect to the defendant began to run on or about February 17, 2000, the date on which the defendant's time for filing a timely notice of appeal expired. *See Kapral v. United States*, 166 F.3d 565, 575, 577 (3d Cir. 1999); *United States v. Bendolph*, 2001 WL 641084. Therefore, the defendant had until on or about February 17, 2001, to file his petition. Since he failed to file the petition until November 22, 2004, his petition was untimely and should be dismissed.

II.    **The Defendant's Motion Fails On Its Merits.**

The defendant's sole substantive argument is that the Court "imposed two five-year terms of supervised release to be served consecutively" which "were above the statutorily mandated terms of supervised release." Defendant's Motion at p.2. The defendant's argument is incorrect as to both the facts of the case and the law, and, therefore, must be rejected.

This Court sentenced the defendant to a ten year term of supervised release on Count One, which charged a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and to a three year term of supervised release on Count Two, which charged a violation of 18 U.S.C. § 1956(h). (D.I. 29) Thus, the defendant's argument is factually incorrect.

Furthermore, the Court imposed terms of supervised release within the statutory range. Regarding 21 U.S.C. § 841 (b)(1)(C), the statute itself states as follows:

> Notwithstanding section 3583 of Title 18, any sentence imposing a term of imprisonment under this paragraph shall, in the absence of . . . a prior conviction, impose a term of supervised release of **at least** 3 years in addition to such a term of imprisonment and shall, if there was . . . a prior conviction, impose a term of supervised release of **at least** 6 years in addition to such term of imprisonment.

21 U.S.C. § 841(b)(1)(C). This specifically provided term of supervised release "trumps the default maximum terms of supervised release provided in 18 U.S.C. § 3583." *United States v. Sanchez-Gonzalez*, 294 F.3d 563, 566 (3d Cir. 2002). Thus, the ten year term of supervised release imposed by this Court did not exceed the statutory maximum imposed by 21 U.S.C. § 841(b)(1)(C).

Regarding 18 U.S.C. § 1956(h), which is classified as a Class C felony under 18 U.S.C. § 3559(a)(3), the authorized term of supervised release is "not more than three years." 18 U.S.C. § 3583(b)(2). Thus, the three year term of supervised release imposed by this Court did not exceed the statutory maximum imposed by 18 U.S.C. § 3583.

### Conclusion

WHEREFORE, for all the foregoing reasons, the United States respectfully requests the Court to reject the defendant's motion either because the motion was untimely filed or because the motion lacks merit.

                                    Respectfully submitted,

                                    COLM F. CONNOLLY
                                  United States Attorney

BY:     /s/
          Beth Moskow-Schnoll
          Assistant United States Attorney

Dated: April 14, 2005

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 99-34-JJF |
| | : | Civil Action No. 05-114-JJF |
| MICHAEL WRIGHT, | : | |
| | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

    I, Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, hereby certify that on April 14, 2005, I mailed two copies of the foregoing document:

RESPONSE OF UNITED STATES TO DEFENDANT'S MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255

TO:   Michael Wright
        Reg. No. 01064-748
        USP Lewisburg
        P.O. Box 1000
        Lewisburg, PA 17837

                                          /s/
                                      Beth Moskow-Schnoll
                                      Assistant United States Attorney