IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 99-034-JJF |
|  | : | Civil Action No. 05-114-JJF |
| MICHAEL WRIGHT, | : | |
| Defendant. | : | |

Colm F. Connolly, Esquire, United States Attorney, Beth Moskow-Schnoll, Esquire, Assistant United States Attorney of the UNITED STATES DEPARTMENT OF JUSTICE, Wilmington, Delaware.
Attorney for Plaintiff.

Michael Wright, Jr., Pro Se Defendant.

---

**MEMORANDUM OPINION**

May 17, 2005
Wilmington, Delaware

Farnan, District Judge.

Presently before the Court is a Motion For Correction Of The Term Of Supervised Release Pursuant To Rule [60](b) (D.I. 43) filed by Defendant, Michael Wright. For the reasons discussed, Defendant's Motion will be recharacterized as a Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255. Defendant's recharacterized Motion will be dismissed as untimely, and the relief requested therein will be denied.

## BACKGROUND

Defendant pled guilty to a three count information charging (1) distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C), (2) conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and (3) criminal forfeiture in violation of 18 U.S.C. § 982. Defendant was sentenced on February 3, 2000, to 135 months imprisonment on each of Counts I and II, to be served concurrently and a total of ten years of supervised release.

On August 29, 2003, Defendant filed a notice of appeal. The Third Circuit dismissed Defendant's appeal as untimely on February 9, 2004. Defendant filed the instant Motion on November 22, 2004, contending that the Court's imposition of 10 years of supervised release was erroneous and above the statutorily mandated terms of supervised release. The Government has responded to the instant Motion, contending that the Motion is

1

untimely, and in the alternative, without merit. In response, Defendant filed a Traverse Brief contending, among other things, that his Motion should not be recharacterized as a Section 2255 motion.

## DISCUSSION

I. **Whether Defendant's Motion Should Be Recharacterized As A Section 2255 Motion**

In response to the Government's argument that Defendant's Motion is barred by the one-year limitations period under the AEDPA, Defendant contends that his Motion was brought under Rule 60(b) and should not be recharacterized as a Section 2255 motion subject to the AEDPA limitations period. By Order dated December 3, 2004, the Court notified Defendant that his Motion For Correction Of The Term Of Supervised Release Pursuant To Rule [60](b) (D.I. 43) was being construed as a Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255. The Court further notified Defendant that the AEDPA would apply to his Motion and enclosed an election form for Defendant to file confirming whether he wished to proceed with his Motion. In bold faced type, the Court cautioned Defendant that "[f]ailure to timely return the completed election form will result in the Court's ruling on your pending papers as a § 2255 motion."

Defendant failed to file the AEDPA election form, and the Court notified Defendant that "the Court will rule on the pending motion as a § 2255 motion." (D.I. 45). The Court also ordered

2

the Government to file a response to Defendant's Motion. Because Defendant was notified that the Court construed his Motion as a Section 2255 Motion, and Defendant did not file his election form, the Court concludes that Defendant's Motion is properly recharacterized as a Section 2255 Motion.[1]

## II. Whether Defendants Recharacterized Section 2255 Motion Is Timely

Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), amended 28 U.S.C. § 2255 to impose a one-year limitations period on the filing of Section 2255 motions. In pertinent part, Section 2255 provides that the statute of limitations begins to run from the latest of:

(1) the date on which the judgment becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the constitution or laws of the United States is removed;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Defendant was sentenced on February 3, 2000. Where, as

---

[1] In reaching this conclusion, the Court further notes that Federal Rule of Civil Procedure 60(b) generally cannot be used to provide relief from a criminal judgment. See United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999) (citing United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998)).

here, a Defendant does not file a timely direct appeal of his conviction, the conviction becomes final for purposes of applying the AEDPA upon the expiration of the time for filing a direct appeal. <u>Kapral v. United States</u>, 166 F.2d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired."). The Judgment in Defendant's case was entered on February 9, 2000, and therefore, Plaintiff's conviction became final on February 19, 2000.[2] Applying the one-year limitations period to this date, Defendant had until February 19, 2001 to file his Section 2255 Motion.

Defendant did not file the instant Motion until November 18, 2004. Accordingly, the Court concludes that Defendant's Motion is time-barred.

The one-year limitations period may be statutorily and/or equitably tolled. However, Defendant has not offered any evidence supporting either form of tolling. <u>See</u> <u>Jones v. Morton</u>,

---

[2] The Government states that the Judgment in Defendant's case was entered on February 7, 2000. The Judgment was signed on February 7, 2000, but not entered on the docket until February 9, 2000. Fed. R. App. P 4(b)(1)(A)(i) (requiring notice of appeal to be filed within ten (10) days after entry of the Court's judgment on the docket); Fed. R. App. P. 4(b)(6) ("A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket.").

4

195 F.3d 153, 159 (3d Cir. 1999) (holding that equitable tolling may be appropriate if the defendant was actively misled by the plaintiff; the defendant has been prevented from asserting his or rights in some extraordinary way; the defendant timely asserted his rights in the wrong forum). Accordingly, the Court will deny Defendant's Section 2255 Motion as time-barred.

### III. Whether A Certificate Of Appealability Should Issue

The Court may issue a certificate of appealability only if Defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In this case, the Court has concluded that Defendant is not entitled to relief because his claims are time-barred, and the Court is not convinced that reasonable jurists would debate otherwise. Because Defendant has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.

### CONCLUSION

For the reasons discussed, Defendant's Motion For Correction Of The Term Of Supervised Release Pursuant To Rule [60](b), recharacterized as a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody, is dismissed as untimely and the relief requested therein is denied

An appropriate Order will be entered.